1  BRUCE W. NICKERSON, C.B.N. 90760
   231 Manor Drive
2  San Carlos, CA 94070
3  Tel: (650) 594-0195

4

5  Jeffrey R. Stein, C.B.N. 67678
   Stein-Conway Law Firm, PC.
6  1119 Palm Street
7  San Luis Obispo, CA 93401
   (805) 748-5243
8

9  Attorneys for DOUGLAS CHARLES OKUN and the Plaintiff Class

10

11         **IN THE UNITED STATES DISTRICT COURT FOR**

12
           **THE CENTRAL DISTRICT OF CALIFORNIA**
13
                        **WESTERN DIVISION**
14

15

16  DOUGLAS CHARLES OKUN, individually )
17  and on behalf of a Class of Persons  )   **NO: 2:20-cv-00178-PA-GJS**
    similarly situated,                  )
18                                       )
                                         ) **SECOND AMENDED**
19      Plaintiffs,                      ) **CLASS ACTION COMPLAINT**
20                                       ) **FOR DAMAGES FOR**
        vs.                              ) **FALSE ARREST, VIOLATION**
21                                       ) **OF THE RIGHT OF FREE**
22  COUNTY OF SAN LUIS OBISPO,  SAN      ) **SPEECH, AND A MONEL**
    LUIS OPISPO PROBATION OFFICE,        ) **CLAIM**
23                                       )
    CHIEF PROBATION OFFICER JAMES        )
24  SAILO, PROBATION OFFICER ROBERT      )
25  MACIAS, and DOES I through X, inclusive )
                                         )
26      Defendants.                      )
27  _____)
    ///
28

-1-

## INTRODUCTION

**1.** This is a civil rights action for declaratory and injunctive relief and damages brought pursuant to 42 U.S.C. Sections 1983, 1985 and 1988, 18 U.S.C. 1961 et seq., and the First and Fourth Amendments to the United States constitution. The Complaint seeks redress from one or more of the Defendants due to their: (i) (practice of arbitrarily, unlawfully and maliciously harassing, targeting for arrest and/or arresting the named Plaintiff and other similarly situated individuals without probable cause for possessing innocuous images of children and ii) practice of arbitrarily, unlawfully and maliciously violating the named Plaintiff and other similarly situated individuals' right to freedom of speech and expression.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 1343. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts and/or omissions complained of occurred in the Central District of California and the acts described took place within the Central District of California.

3. The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

///

## PARTIES

4. Named Plaintiff DOUGLAS CHARLES OKUN was at all relevant times a resident of Arroyo Grande, County of San Luis Obispo, California.

5. The above-named plaintiff seeks to represent a class of individuals (hereinafter, the "Plaintiff Class"), which is defined and described in further detail at paragraph 14 below.

6. Defendant County of San Luis Obispo is a municipal corporation located in the County of San Luis Obispo and is established by the laws and constitution of the State of California, and owns, operates, manages, directs, and controls the San Luis Obispo Probation Department (hereinafter SLOPD) which employs other Defendants in this action.

7. Defendant Chief Probation OFFICER JAMES SALIO is head of the probation department and is being sued in his individual and official capacity,

8. Chief Salio is responsible for establishing, ratifying and enforcing the policies, practices and customs of the SLOPD and providing training, supervision, instruction, oversight, and discipline concerning the policies, practices, customs, and activities of the entire San Luis Obispo Probation Department. Defendant Salio acted at all relevant times within the course and scope of his employment as Chief Probation Officer.

9. Defendant Probation Officer Robert Macias is a member of the SLOPD and is sued in both his individual capacities and in his official capacities if he had any policy making duties, functions, or responsibilities with respect to the matters alleged herein.

10. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs and members of the Plaintiff Class.

11. Plaintiffs are informed and believe and thereon allege that each of the Defendants was at all relevant times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

12. At all relevant times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' and members of the Plaintiff

Class' constitutional rights and other harm. At all relevant times, each Defendant acted under color of the laws, statutes, ordinances, policies, practices, customs, and usages of the State of California, the County of San Luis Obispo and the SLOPD.

## **PLAINTIFF CLASS ALLEGATIONS**

13. The named Plaintiff and putative class representative brings this class action for declaratory and injunctive relief and damages on his own behalf and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is a member of the class of persons whose members have been harmed by the specific allegations which are set forth infra in paragraph 14.

14. The Plaintiff Class consists of all persons who have been falsely arrested for possessing visual material which is innocuous but falsely and recklessly considered sexually stimulating by the SLOPD.

    A. The membership of the defined class is so numerous that joinder of all members is impractical. On information and belief, there are dozens of men who have been illegally arrested for violations of California law by the SLOPD because they were perceived to possess images of children which the SLOPD recklessly and falsely considered sexually

stimulating which in truth were innocuous and could be found in any professional office.

      B. There are questions of law and fact common to the class, and those questions predominate over questions affecting individual class members. Those common questions include: whether one or more of the Defendants have violated the United States Constitution, the California Constitution and California Statutory law by : illegally arresting members of the Plaintiff class for violations of California law by the SLOPD because they were perceived to possess images of children which the SLOPD recklessly and falsely considered sexually stimulating which in truth were innocuous and could be found in any professional office.

      C. The claims of the named Plaintiff and putative class representative is typical of the claims of the Plaintiff Class, since the named Plaintiff: (i) perceived to possess images of children which the SLOPD recklessly and falsely considered sexually stimulating which in truth were innocuous and could be found in any professional office. (ii) did not engage in any unlawful act in violation of federal, state, or municipal law; and (ii) was arrested without a warrant and without probable cause even though he had committed no criminal act nor violated any lawfully imposed term of probation.

D. Thus the named plaintiff will uniquely and fairly represent and adequately protect the interests of the Plaintiff Class and will do so vigorously and zealously. The named Plaintiff has no interests antagonistic to the Plaintiff Class; he seeks relief which will benefit all members of the Plaintiff Class, and he is represented by counsel who is competent and experienced in civil rights litigation.

E. The Defendants, by establishing, maintaining, encouraging, allowing and/or ratifying the practices alleged in this complaint, have acted on grounds generally applicable to the Plaintiff Class and, as a result, declaratory and injunctive relief with respect to the Plaintiff Class is appropriate.

F. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members which would establish incompatible standards for parties opposing the class, and Defendants have acted on grounds generally applicable to the class and its members, and class questions predominate with respect to the class.

G. Therefore these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A), (B)(1), (2), and (3).

H. The nature of the notice to be provided to class members would be determined by the court.

## FACTUAL ALLEGATIONS

15. The County of San Luis Obispo and Chief Salio have established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of: illegally arresting members of the Plaintiff class for violations of California law or terms of probation lawfully imposed by the SLOPD because they were perceived to possess images of children which the SLOPD recklessly and falsely considered sexually stimulating which in truth were innocuous and could be found in any professional office.

16. These defendants have established, maintained, encouraged, allowed, and/or ratified the above custom, practice or policy with the tacit understanding that it would promote the unconstitutional and illegal goal of restricting the First Amendment rights of persons on probation and/or parole to view innocuous images of children.

**Allegations Pertaining to Named Plaintiff and Putative Class Representative DOUGLAS CHARLES OKUN**

17. Pursuant to the custom, practice or policy set forth above, Plaintiff OKUN was subjected to a course of conduct as described below.

18. In May of 2019, Parole Agent ARNOLD NELSON conducted a probation search of Plaintiff OKUN at his home.

19. He found a magazine published by Readers Digest called Reminisce. It contained clothed images of children.  NELSON consulted with Defendant Probation Officer ROBERT MACIAS who stated that the magazine violated the terms of Plaintiff's probation without seeing the magazine.

20. MACIAS determined, and so advised NELSON, that Plaintiff OKUN ought to be taken into custody. As a direct result, NELSON or others unknown, so advised Officer BRAD HOGAN of the Arroyo Grande Police Department, who in fact took Plaintiff into custody.

21. Plaintiff spent sixteen days in custody.

22. On July 8, 2019, pursuant to a probation violation hearing, Plaintiff was found not to be in violation of his probation by the Superior Court per the Hon. Matthew G. Guerrero, judge.   At the hearing Defendant MACIAS admitted he never told Plaintiff that possessing a published magazine aimed toward elderly persons which contained fully clothed photos of minors violated the terms of his probation.

23. The court found that the photos of children in the magazine were neither sexually stimulating or sexually oriented.

24. Plaintiff now brings the instant suit and demands a jury trial.

.

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION, FALSE ARREST

## 42.U.S.C.1983

## 4th, 14th Amendment

25.  Plaintiff re-alleges and incorporate herein by reference the allegations in paragraphs 1 through 24 above.

26.  One or more of the Defendants have violated Plaintiff's right to be free of unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

27.  One or more of the Defendants have unjustifiably deprived Plaintiff of his liberty by unlawfully and maliciously arresting him without probable cause that he had violated a lawfully imposed term of probation in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

28. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff and members of the Plaintiff class was compelled to expend money all to their damage in an amount according to proof.

29. As a proximate result of the acts of Defendants, and each of them, Plaintiff and members of the Plaintiff Class have suffered damage to their reputation and shame, humiliation and embarrassment in the community.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE RIGHT OF FREE SPEECH

42 U.S.C. 1983

First Amendment

30. Plaintiff re-alleges and incorporate herein by reference the allegations in paragraphs 1 through 24 above.

31. One or more of the Defendants have violated Plaintiff's right of free speech under the First Amendment to the United States Constitution.

32. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff and members of the Plaintiff class were compelled to expend money all to their damage in an amount according to proof.

33. As a proximate result of the acts of Defendants, and each of them, Plaintiff and members of the Plaintiff Class have suffered damage to their reputation and shame, humiliation and embarrassment in the community.

## THIRD CAUSE OF ACTION, MONELL CLAIM

42.U.S.C.1983

Policy and Custom

34. Plaintiff re-alleges and incorporates herein by reference the allegations in paragraphs 1 through 24 above.

35. The County of San Luis Obispo and Chief JAMES SALIO have, under color of law, violated Plaintiff's and the right of the Plaintiff class to their privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

36. The above described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons within the County of San Luis Obispo and were the cause of the violations of Plaintiff's rights alleged herein.

37. During all relevant times, one or more of the Defendants, and particularly Defendant Chief SALIO established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of providing inadequate training, supervision, instruction, oversight, and discipline to probation officers, including those mentioned above, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiff's' constitutional rights and those of the Plaintiff class.

38. The above described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants, and each of them, and particularly Defendant Chief SALIO, to the constitutional rights of persons within the County of San Luis Obispo, and were the cause of the violations of Plaintiff's rights and those of the Plaintiff class as alleged herein.

39. Plaintiff was unlawfully seized, arrested/detained by Defendants without warrant or order or commitment or any other legal authority of any kind as Plaintiff had not committed any crime or public offence or violated any reasonable condition of probation.

40. The conduct as alleged above is ongoing, creating the likelihood of future injuries to Plaintiff, and the Plaintiff class.

41. Since Plaintiff and the Plaintiff Class legally are entitled to observe innocuous photos of children as alleged above, they face imminent danger of further arrest and harassment as alleged above.

42. As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff and members of the Plaintiff class was compelled to expend money all to their damage in an amount according to proof.

43. As a proximate result of the acts of Defendants, and each of them, Plaintiff and members of the Plaintiff Class have suffered damage to their reputation and shame, humiliation and embarrassment in the community.

**WHEREFORE,** Plaintiff and the Plaintiff Class request that this Court:

A.     Issue a declaratory judgment that the customs, practices, policies, and acts described in this Complaint violate the First, Fourth, and Fourteenth Amendments to the United States Constitution.

    B.    Grant permanent injunctive relief enjoining Defendants from falsely arresting probationers for possessing visual material which is innocuous but falsely and recklessly considered sexually stimulating.

    C.    Award Plaintiff and the Plaintiff Class one million ($1,000,00.00) compensatory damages against Defendants, jointly and severally, for violations of Federal Law as set forth above;

    D.    Award Plaintiff and the Plaintiff Class their costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

    E.  And award such further relief as the court may deem just and proper.

Dated: February10, 2020                    ss <u>Bruce W. Nickerson</u>